[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR PROTECTIVE ORDER
This case began life as an action in the United States District Court for the Southern District of New York. During the course of that action, the parties entered into a stipulation regarding certain discovery procedures, and the federal court incorporated the stipulation into an order.
The purpose of the stipulation/order was to regulate the disclosure and handling of confidential trade information related to the defendants' business. The stipulation/order contained a provision that "In the event that the claims asserted in this litigation are reasserted in another court, the parties further agree to submit a Stipulation and Order Governing Confidential Information, the terms of which will be substantially identical to the terms hereof, to that court."
Prior to any adjudication of the merits of the federal action, that case was dismissed and the plaintiffs instituted this action in this court, asserting the same claims that they asserted in the federal action. In this motion, the plaintiffs seek an order from this court governing the handling of the same kind of confidential information during the discovery process. The proposed order departs from that which was entered in the federal action in several respects. The defendants object to some of the changes as set forth below.
In paragraph 5 of their motion, the plaintiffs summarize the changes proposed. Subparagraphs a., b., f., and g. propose changes that are nonsubstantive and in most cases are necessary to conform to the substance and form of the new action filed in this court. The defendants do not offer any significant objections to these proposed changes. The plaintiffs motion is, therefore, granted with respect to the changes proposed in those subparagraphs.
In subparagraph c., the plaintiffs propose to delete the requirement, contained in the federal stipulation/order, that CT Page 5 each witness sign a certification agreeing to comply with the confidentiality provisions of the stipulation/order. The plaintiffs argue that such a requirement unduly burdens them because some witnesses whom they may wish to call will refuse to sign the certification. As the defendants point out, however, this provision was agreed to by all parties in the federal action and the federal court approved it and included it as part of its discovery order. Moreover, as previously indicated, the parties also agreed to submit to discovery rules in any new action that would be "substantially identical" to the rules agreed to in the federal action. Under these circumstances, the plaintiffs arguments are not persuasive and may not be sustained. The plaintiffs motion is denied with respect to the change proposed in subparagraph c.
In subparagraph d., the plaintiffs propose to delete the requirement, contained in the federal stipulation/order, that parties notify third parties and non-party witnesses of the identity of their experts. In subparagraph e., the plaintiffs propose to delete the requirement, contained in the federal stipulation/order, that no disclosure of confidential information be made to regulatory authorities without court approval or consent of the defendants. As with subparagraph c., the defendants object to these proposed changes.
The plaintiffs again argue, essentially, that the requirements referenced in subparagraphs d. and e. would have a chilling and restrictive effect on discovery and that this court should decline to include them in its discovery order. The court disagrees.
As noted, the requirements referenced in subparagraphs d. and e. were contained in the stipulation/order entered in the federal action. And the original plaintiffs and defendants agreed to those requirements, presumably after careful consideration and negotiation. They further agreed to carry over those requirements in "substantially identical" form to any subsequent action in a different court, such as this court. At this time, the plaintiffs point to no significant changes in circumstances that would justify relieving them of the obligations that they originally assumed. For all of these reasons, it would be unfair and inappropriate for this court to order drastic changes in the original discovery rules pertaining to this controversy.
The plaintiffs' motion for a discovery order is denied with CT Page 6 respect to the modifications proposed in subparagraphs c., d., and e., of paragraph 5 of the motion; the motion is granted in all other respects.
MALONEY, J.